IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MAXUM INDEMNITY COMPANY,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 11-CV-278-WDS |
| | ) |
| **JERRY WESTLUND,** | ) |
| *sued as other Charles G. Westlund*, | ) |
| **S.J.C. ILLINOIS, LLC,** | ) |
| *d/b/a The Pony*, | ) |
| **ROBERT G. WADE, and** | ) |
| **TIMOTHY B. STEMPEL,** | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM & ORDER**

**STIEHL, District Judge:**

Before the Court is plaintiff Maxum Indemnity Company's motion for default judgment under Federal Rule of Civil Procedure 55(b) (Doc. 21). Plaintiff commenced this action against defendants Jerry Westlund, Robert G. Wade, Timothy B. Stempel, and S.J.C. Illinois, LLC seeking a declaratory judgment that plaintiff is not be required to defend or indemnify its insureds, Westlund and S.J.C., in two underlying state-court actions. S.J.C. was properly served, but has failed to plead or otherwise defend in response to the complaint. Plaintiff has secured the clerk's entry of default under Federal Rule of Civil Procedure 55(a), and now seeks default judgment against S.J.C. S.J.C has not responded, and the time in which to do so has passed.

**I. BACKGROUND**

This action arises from two separate state lawsuits, *Wade v. Westlund, et. al.*, No. 11 L 1, in the Circuit Court of the First Judicial Circuit, Alexander County, Illinois, and *Stempel v. Al-*

*drich*, *et. al.*, No. 10 L 660 in the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois. Plaintiff's motion for default judgment here pertains only to the *Stempel* lawsuit.

One evening, Timothy Stempel and Zachary Aldrich were spending time in a bar called The Pony and in another called The Hush Puppy Bar & Grill. Aldrich got drunk and attacked Stempel with a beer bottle, causing injuries to Stempel's face and nerves (Doc. 2, Ex. 3, ¶¶ 6, 7). Stempel sued, among others, Aldrich; S.J.C. Illinois, LLC (doing business as The Pony); and S.J.C's owner, Charles Westlund. Count I of Stempel's complaint alleges that the defendants violated the Illinois Liquor Control Act, 235 ILCS 5/1-1 *et seq.*, for serving Aldrich when he was an "obviously intoxicated patron of their establishment" (*id.* at ¶ 10). Count II is a battery claim alleging that Aldrich beat Stempel and struck him multiple times in the face (*id.* at ¶ 13).

Westlund and S.J.C. have sought coverage for the claims against them under a commercial general-liability insurance policy issued to them by the plaintiff here, Maxum Indemnity Company. The insurance policy contains a liquor exclusion and an assault-or-battery exclusion. Based on those exclusions, plaintiff seeks a declaratory judgment here, under 28 U.S.C. §§ 2201–02, that it need not defend or indemnify Westlund in the *Wade* lawsuit and need not defend or indemnify either Westlund or S.J.C. in the *Stempel* lawsuit.

After plaintiff filed its complaint here, S.J.C was served through its agent Doris Quick. But S.J.C failed to plead or otherwise defend in response to the complaint. Plaintiff then filed a motion for entry of default against S.J.C. (Doc. 14), which the Clerk of Court has entered (Doc. 15). Plaintiff now moves for default judgment, asking the Court to issue the declaratory judgment that plaintiff need not defend or indemnify S.J.C in the *Stempel* lawsuit.

## II. ANALYSIS

### A. Jurisdiction

The Court has an independent duty to ensure it has subject-matter jurisdiction and, of course, it must have jurisdiction to render a default judgment against S.J.C. *See Swaime v. Mol-*

*tan Co.*, 73 F.3d 711, 716 (7th Cir. 1996) (noting that entry of default judgment is a *per se* abuse of discretion if the district court lacked jurisdiction).

Plaintiff alleges that jurisdiction is proper under 28 U.S.C. § 1332. Plaintiff is a Delaware corporation with its principal place of business in Georgia. Westlund is a citizen of California. S.J.C. is an Illinois limited liability company, and plaintiff states, upon information and belief, that Westlund is the sole member of S.J.C., making S.J.C. a citizen of California as well. Wade is a citizen of Missouri. Stempel is a citizen of Illinois. As to the amount in controversy, the limit of the insurance policy in the *Wade* lawsuit and in the *Stempel* lawsuit is $1,000,000. Plaintiff believes its defense costs are likely to exceed $75,000 in each state lawsuit (including discovery, settlement negotiations, trial preparation, trial, and appeal). Further, plaintiff believes the total damages sought in each lawsuit are likely to exceed $75,000. Wade suffered broken ribs, a punctured lung, pneumonia, pain, disfigurement, and mental anguish. He also seeks punitive damages. Stempel suffered severe and permanent injuries to his face and nerves. He underwent surgery and has permanent scars. He seeks to recover lost wages and future lost wages, as well as damages for pain and suffering.

The Declaratory Judgment Act, 28 U.S.C. §§ 2201–02, does not itself provide the district courts with subject-matter jurisdiction. *E.g.*, *Nationwide Ins. v. Zavalis*, 52 F.3d 689, 692 (7th Cir. 1995). Some other basis must exist. Here it is diversity, and the Court is satisfied that the facts outlined above establish the complete diversity of the parties and that the amount in controversy is likely to exceed $75,000. *See* 28 U.S.C. § 1332(a)(1).

Yet the Declaratory Judgment Act expressly gives courts discretion whether to grant relief: "In a case of actual controversy within its jurisdiction … any court of the United States … *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." § 2201(a) (emphasis added); *accord Med. Assurance Co., Inc. v. Hellman*, 610 F.3d 371, 378 (7th Cir. 2010); *Zavalis*, 52 F.3d at 692. District courts have substantial discretion whether to dismiss or stay claims seeking declaratory re-

lief under what is known as the *Wilton/Brillhart* abstention doctrine. *R.R. Street & Co., Inc. v. Vulcan Materials Co.*, 569 F.3d 711, 713 (7th Cir. 2009). *See generally Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995); *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494–95 (1942).

"When a related state action is pending, concerns about comity, the efficient allocation of judicial resources, and fairness to the parties come into play." *Zavalis*, 52 F.3d at 692 (citing *Chamberlain v. Allstate Ins. Co.*, 931 F.2d 1361, 1367 (9th Cir. 1991)). "Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided." *Brillhart*, 316 U.S. at 495. "[T]he mere pendency of another suit is not enough in itself to refuse a declaration," however. *Sears, Roebuck & Co. v. Zurich Ins. Co.*, 422 F.2d 587, 590 (7th Cir. 1970).

The district court should consider, among other matters, whether the declaratory suit presents a question distinct from the issues raised in the state-court proceeding, whether the parties in the actions are identical, whether going forward with the declaratory action will serve a useful purpose in clarifying the legal obligations and relationships among the parties or will merely amount to duplicative and piecemeal litigation, and whether comparable relief is available to the plaintiff in another forum or at another time. *Zavalis*, 52 F.3d at 692; *NUCOR Corp. v. Aceros y Maquilas de Occidente, S.A. de C.V.*, 28 F.3d 572, 579 (7th Cir. 1994) ("[T]he 'standards generally to be applied in exercising discretion to hear a declaratory judgment action are whether a declaratory judgment will settle the particular controversy and clarify the legal relations in issue.'" (quoting *Sears, Roebuck & Co. v. Am. Mut. Liability Ins. Co.*, 372 F.2d 435, 438 (7th Cir. 1967))).

The Court first notes the parties are not identical in these lawsuits. Plaintiff here is not in the state-court lawsuits. *See Envision Healthcare, Inc. v. PreferredOne Ins. Co.*, 604 F.3d 983, 986 (7th Cir. 2010) (Abstention is appropriate under the *Wilton/Brillhart* doctrine when "substantially the same parties are contemporaneously litigating substantially the same issues in two fora."). And the parties are not seeking the same result (a declaratory judgment) in another fo-

rum.

For the following reasons, this suit presents questions *distinct* from the issues raised in the state-court proceedings, namely, whether plaintiff has a duty to defend or indemnify S.J.C. A duty to defend and a duty to indemnify, however, are "two distinct duties," which "must be resolved on differing factual records, a matter that has a significant bearing on the exercise of the court's declaratory power." *Zavalis*, 52 F.3d at 693. To determine whether a party has a duty to defend, the factual allegations of the underlying complaint are compared to the language of the insurance policy. *Amerisure Mut. Ins. Co. v. Microplastics, Inc.*, 622 F.3d 806, 810 (7th Cir. 2010) (Illinois law); *accord BASF AG v. Great Am. Assur. Co.*, 522 F.3d 813, 819 (7th Cir. 2008) (same). It "is most often determined primarily, if not exclusively, from the face of the underlying complaint against the insured." *Zavalis*, 52 F.3d at 693. "Thus, a court ordinarily will have no reason to immerse itself in the facts surrounding the incident in question; it need only look to the allegations made against the insured and decide whether, if proven, those allegations would establish an injury that the policy would cover." *Id.* at 694.

The factual allegations of the underlying complaint, in Count I, state that Aldrich, a patron, got drunk at the Pony and the Hush Puppy and attacked Stempel in the Hush Puppy parking lot. Stempel seeks to show that S.J.C. and the other defendants violated the Illinois Liquor Control Act by serving Aldrich when he was "obviously intoxicated." Stempel's lawsuit will, therefore, involve factual questions such as whether Aldrich was intoxicated and whether S.J.C. caused his intoxication.[1]

The language of the insurance policy plaintiff issued to S.J.C. says plaintiff:

> will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage"

---

[1] "Every person who is injured … by any intoxicated person has a right of action … against any person … who, by selling or giving alcoholic liquor, … causes the intoxication of such person." 235 ILCS 5/6-21(a).

to which this insurance does not apply.

(Doc. 2, Ex. 1, p. 5). Under its liquor exclusion, the policy does not apply to bodily injury or property damage for which the insured may be held liable by reason of "[c]ausing or contributing to the intoxication of any person" or "[a]ny statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages" (*id.*, p. 35). Plaintiff believes that Count I of the *Stempel* lawsuit falls within the scope of this liquor exclusion.

In Counts II and IV of the underlying complaint, Stempel alleges that Aldrich struck him multiple times in the face without justification, that S.J.C. operated a bar and knew or should have known its patrons were exposed to a heightened risk of assault and battery, and that S.J.C. should have provided security adequate to protect its patrons from assault and battery by third parties. These allegations present factual questions, such as whether there was a heightened risk of assault that S.J.C. should have anticipated and whether the security was adequate. Under its assault-or-battery exclusion, the insurance policy does not apply to "any claim, demand or suit based on Assault or Battery, or out of any act or omission in connection with the prevention or suppression of such acts, whether caused by or at the instigation of the insured, his employees, patrons or any other person" (Doc. 2, Ex. 1, p. 36). This assault-or-battery exclusion also says "claims, accusations or charges of negligent hiring, placement, training or supervision arising from actual or alleged assault or battery are not covered and no duty to defend any insured from such claims, accusations and charges is provided" (*id.*). Plaintiff believes that Count II of the *Stempel* lawsuit falls within the scope of the assault-or-battery exclusion.

Accordingly, comparing the language of the complaint to the language of the insurance policy presents questions that are distinct from the issues raised in the *Stempel* lawsuit. The Court can decide them without immersing itself in the facts surrounding the incident in question. *See Zavalis*, 52 F.3d at 694; *see also Am. Mut. Liability Ins. Co.*, 372 F.2d at 440 (7th Cir. 1967) (finding the question of coverage under the insurance policy independent in issue from the ques-

6

tion of insured's liability for the accident). The Court therefore finds it appropriate to exercise its discretion to declare whether plaintiff has a duty to defend S.J.C.

Plaintiff also suggests it has no duty to indemnify S.J.C. because the duty to defend is broader than the duty to indemnify; *i.e.*, "[i]f an insurer has no duty to defend, it has no duty to indemnify." *Nat'l Cas. Co. v. McFatridge*, 604 F.3d 335, 338 (7th Cir. 2010); *see also Westfield Ins. Co. v. Gil Behling & Son, Inc.*, Cause No: 2:08-CV-37-TS, 2010 U.S. Dist. LEXIS 24328, at *46–47 (N.D. Ind. March 15, 2010). That comment in *McFatridge* is at odds with several other cases in this circuit which have held that resolving whether a duty to indemnify exists *is not ripe* until liability has been established. *See, e.g.*, *Hellman*, 610 F.3d at 375; *Lear Corp. v. Johnson Electric Holdings Ltd.*, 353 F.3d 580, 583 (7th Cir. 2003); *Grinnell Mutual Reinsurance Co. v. Reinke*, 43 F.3d 1152, 1154 (7th Cir. 1995); *Travelers Ins. Cos. v. Penda Corp.*, 974 F.2d 823, 833 (7th Cir. 1992). In *Zavalis*, the court of appeals explained:

> Courts which conclude that there is no duty to defend will often add that there is no duty to indemnify, given that the former duty is broader than the latter. That may be appropriate when it is clear that the insured cannot be held liable under any theory that could potentially fall within the coverage of the policy. Where such a possibility exists, however (e.g., through amendment of the complaint in the underlying suit), the prudent thing for the court to do is to refrain from comment on the duty to indemnify.

*Zavalis*, 52 F.3d at 693 n.5. Moreover, a declaratory judgment about a duty to indemnify "has an advisory quality," and can take up judicial time "to produce a decision that may turn out to be irrelevant." *Lear Corp.*, 353 F.3d at 583.

Here, plaintiff has not addressed the discretionary nature of the Court's jurisdiction, or, as suggested in *Zavalis*, whether it is clear that S.J.C. cannot be held liable under any theory that could potentially fall within the coverage of the policy. Therefore, with respect to S.J.C., the Court declines to address the duty to indemnify and **DISMISSES** that portion of the complaint. *See Hellman*, 610 F.3d at 375 (finding that the district court should have dismissed the plaintiff's duty-to-indemnify claim); *Zavalis*, 52 F.3d at 693.

7

**B. Default Judgment**

"There are two stages in a default proceeding: the establishment of the default, and the actual entry of a default judgment." *In re Catt,* 368 F.3d 789, 793 (7th Cir. 2004). Once default has been established, if a plaintiff's claim is for a "sum certain," the clerk, on the plaintiff's request, must enter judgment for that amount and costs against a defaulted defendant. Fed. R. Civ. P. 55(a). "In all other cases," the plaintiff "must apply to the court for a default judgment." Fed. R. Civ. P. 55(b).

The decision to grant or deny default judgment lies within the district court's discretion. *Silva v. City of Madison*, 69 F.3d 1368, 1377 (7th Cir. 1995); *see Swaim v. Moltan Co.*, 73 F.3d 711,716 (7th Cir. 1996). Upon default, "the well-pleaded allegations of a complaint relating to liability are taken as true." *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989); *accord Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.,* 722 F.2d 1319, 1323 (7th Cir. 1983).

This Court's local rules have additional procedure requirements. Once a default has been entered by the Clerk of Court, the party moving for default judgment must: (1) "give notice of the entry of default to the defaulting party by regular mail sent to the last known address of the defaulted party," and (2) "certify to the Court that notice has been sent." SDIL-LR 55.1(a). Here, plaintiff has complied with Rule 55.1(a) by certifying to the Court that notice of entry of default was sent by mail to S.J.C.'s agent, Doris Quick.

Further, the motion seeking default judgment must contain "a statement that a copy of the motion has been mailed to the last known address of the party from whom default judgment is sought. If the moving party knows, or reasonably should know, the identity of an attorney thought to represent the defaulted party, the motion shall also state that a copy has been mailed to that attorney." SDIL-LR 55.1(b). Regarding the identity of an attorney, this Court requires that "the attorney for the moving party must certify, as an officer of the court, the he or she does not have knowledge that the defaulted party is represented by counsel for any matter whatsoever and

there is no counsel to whom the motion can be mailed." *Trustees of Central Laborers' Pension, Welfare & Annuity Funds v. L.D. Bush Construction, Inc.*, No. 10-1010-DRH, 2011 WL 1549258, at *1 n.1 (S.D. Ill. April 21, 2011). Plaintiff meets Rule 55.1(b)'s first requirement because the motion states that a copy of it was mailed to S.J.C.'s agent, Quick. But the second requirement has not been met. An attorney for plaintiff must either mail a copy of the motion to S.J.C.'s attorney or certify, as an officer of the court, that he does not have knowledge that S.J.C. is represented by counsel for any matter and there is no counsel to whom the motion can be mailed. Plaintiff's motion for default judgment is therefore **DENIED**. Apart from that procedural requirement, the Court would otherwise grant plaintiff's motion and issue a declaratory judgment that plaintiff need not defend S.J.C. in the *Stempel* lawsuit.

### III. CONCLUSION

Plaintiff's motion for default judgment (Doc. 21) is **DENIED**. Plaintiff is given leave to file a new motion for default judgment that complies with the Court's local rules.

**IT IS SO ORDERED.**

**DATED: May 11, 2012**

                                               **/s/ WILLIAM D. STIEHL**
                                                       **DISTRICT JUDGE**