# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **MAXUM INDEMNITY COMPANY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 11-CV-278-WDS |
| | ) | |
| **JERRY WESTLUND,** | ) | |
| *sued as other Charles G. Westlund*, | ) | |
| **S.J.C. ILLINOIS, LLC,** | ) | |
| *d/b/a The Pony*, | ) | |
| **ROBERT G. WADE, and** | ) | |
| **TIMOTHY B. STEMPEL,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

**STIEHL, District Judge:**

Before the Court is plaintiff Maxum Indemnity Company's second motion for default judgment against defendant S.J.C. Illinois, LLC (d/b/a/ The Pony) with an affidavit from one of plaintiff's attorneys (Docs. 27 & 28). The Court denied plaintiff's previous motion for default judgment because plaintiff failed to comply with one of the procedural requirements of Local Rule 55.1(b) (Doc. 26). Plaintiff has also filed a motion for summary judgment against S.J.C. to comply with the deadline for dispositive motions (Doc. 29). Plaintiff says the motion for summary judgment need not be considered if the motion for default judgment is granted.

Local Rule 55.1(b) states: "If the moving party knows, or reasonably should know, the identity of an attorney thought to represent the defaulted party, the motion shall also state that a copy has been mailed to that attorney." If the moving party does not know the identity of an attorney, however, the Court requires the attorney for the moving party to "certify, as an officer of the court, that he or she does not have knowledge that the defaulted party is represented by counsel for any matter whatsoever and there is no counsel to whom the motion can be mailed." *Trs. of Cent. Laborers' Pension, Welfare & Annuity Funds v. L.D. Bush Constr.,*

*Inc.*, No. 10-1010-DRH, 2011 WL 1549258, at *1 n.1 (S.D. Ill. April 21, 2011). Apart from that procedural requirement, all other requirements were met and the Court would have granted plaintiff's motion for default judgment and issued a declaratory judgment that plaintiff need not defend S.J.C. in *Stempel v. Aldrich*, *et. al.*, No. 10 L 660, in the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois.

The Court has reviewed the background of this case in its previous order and will not repeat it here (Doc. 26). Instead the Court will merely determine whether the above procedural requirement of Local Rule 55.1(b) has now been met.

According to plaintiff's attorney, he had mailed a letter in July 2011 to attorney John R. Shelton informing him of this lawsuit and asking whether an attorney will appear on behalf of S.J.C. Shelton responded that he was not authorized to represent S.J.C. in this lawsuit. After the Court denied plaintiff's previous motion for default judgment, plaintiff sent Shelton a copy of its second motion for default judgment on May 22, 2012. Plaintiff's attorney also certifies as an officer of the court that he has no knowledge that S.J.C. is represented by counsel, other than Shelton, for any matter whatsoever, and there is no other counsel to whom the motion can be mailed (Doc. 28, ¶¶ 9–11). Accordingly, the Court **FINDS** that plaintiff has met the remaining requirement of Local Rule 55.1(b).

Plaintiff's second motion for default judgment against defendant S.J.C. (Doc. 27) is **GRANTED**. The Court declares that plaintiff Maxum Indemnity Company does not owe a duty to defend to S.J.C. Illinois, LLC (d/b/a/ The Pony) in *Stempel v. Aldrich*, *et. al.*, No. 10 L 660, in the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois. Plaintiff's motion for summary judgment (Doc. 29) is **DENIED** as moot.

**IT IS SO ORDERED.**

**DATED: <u>May 30, 2012</u>**

                                                           **/s/ WILLIAM D. STIEHL**
                                                              **DISTRICT JUDGE**